IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Allen S. Bodnar and Tiffany Bodnar, h/w | : | JURY TRIAL DEMANDED |
| 141 E. Adams Street | : | |
| Macadoo, PA   18237 | : | |
| | : | |
| Vs. | : | |
| | : | |
| Police Officer Kevin Wagner, | : | Civil Action No. |
| Individually and as a Police Office | : | |
| For the City of Hazleton Police | : | |
| Department | : | |
| 40 North Church Street | : | |
| Hazleton, PA   18201 | : | |
|         And | : | |
| Police Officer Scott Nichols, | : | |
| Individually and as a Police Office | : | |
| For the City of Hazleton Police | : | |
| Department | : | |
| 40 North Church Street | : | |
| Hazleton, PA   18201 | : | |

## COMPLAINT

Plaintiffs, Allen S. Bodnar and Tiffany Bodnar, his wife, by and through their attorney, I. Michael Luber, Esquire, hereby asserts the following complaint against Police Officer Kevin Wagner and Police Officer Scott Nichols as follows:

## PARTIES

1.  The Plaintiffs Allen S. Bodnar and Tiffany Bodnar are husband and wife residing at 141 E. Adams Street, Macadoo, Pa.

2.  Defendant Police Officer Kevin Wagner was at all times relevant to this action an officer for the City of Hazleton Police Department, which police department is

located 40 North Church Street, Hazleton, Pa.  He is being sued in his individual capacity and  as a police officer for the City of Hazleton.

3.      Defendant Police Officer Scott Nichols was at all times relevant to this action an officer for the City of Hazleton Police Department, which police department is located 40 North Church Street, Hazleton, Pa.  He is being sued in his individual capacity and  as a police officer for the City of Hazleton.

## JURISDICTION

4. This action is brought pursuant to 42 United States Code §1983.  Jurisdiction is based upon 28 United States Code 1331 and 1343.  Plaintiff further invokes the supplemental jurisdiction under 28 United States Code §1376(a) to hear and decide claims under state law.

## FACTS

5.      On or about December 17, 2005, the Plaintiff allegedly struck the mirror of a parked car along Birch Knoll Drive at or near its intersection with Route 309.

6.      The Defendants Officer Scott Nichols and Officer Kevin Wagner, both responded to the radio call regarding the alleged hit and run accident.  Following their conversation with the owner of vehicle involved, both Defendants proceeded to the home of June Bodnar, where the plaintiff had gone.

7.       Upon arrival at the home of June Bodnar, the said Defendant Police Officers, knocked on the door and identified themselves as Police Officers and asked if they could enter the premises, which permission was granted**.**

8.     At this time, the Defendant Police Officer Nichols began asking the Plaintiff for his personal information, alleging that he was involved in a hit and run.  The Plaintiff refused to provide the requested information.

9.     As Officer Nichols continued to question the Plaintiff, Officer Wagner without any warning grabbed the Plaintiff from behind and kicked the Plaintiff's left leg with such force and violence that all persons present heard the bone snap.  Officer Wagner then violently threw the Plaintiff to the ground and proceeded to violently bang his head on the floor resulting in a broken nose and continued to kick the Plaintiff.  At this time, Officer Nichols also began kicking the Plaintiff while he was on the floor.

10.    At no time during the assault by Officer Wagner did Officer Nichols make any attempt to interrupt the assault or protect the Plaintiff from violations of his rights by Officer Wagner.

11.    At no time did the Plaintiff cause any danger to either Defendant Police Officers.

12.    As a direct and proximate result of the actions or inactions of the Defendants, the Plaintiff sustained a broken nose and Weber-C fibular fracture the severity of which has necessitated multiple surgeries.

13.    As a direct and proximate result of the Defendants actions or inactions, the Plaintiff was deprived of the rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and in particular the right to be free from excessive force while being questioned and the right to due process of law.

14. The level of force used against the Plaintiff on December 17, 2005, by Defendants Wagner and Nichols was unnecessary, unreasonable and excessive.

15. Defendants Wagner and Nichols used unreasonable and excessive force in taking Plaintiff into custody in violation of the Plaintiff's rights protected by the Fourth Amendment of the United States Constitution and the Pennsylvania Constitution in that Defendants Wagner and Nichols violently beat the Plaintiff.

16. During the course of the Plaintiff's contact with Defendants Wagner and Nichols one or the other Defendant Officer, in violation of the Plaintiff's rights protected by the Fourth Amendment of the United States Constitution and Article I § 8 of the Pennsylvania Constitution stood idle and failed to intervene, stop or otherwise prevent his fellow officer from using unreasonable and excessive force while taking Plaintiff into custody.

17. At all times relevant to the subject matter described in this Complaint, Defendants Wagner and Nichols were engaged in a joint venture.

18. At all times relevant to the subject matter described in this Complaint Defendants Wagner and Nichols assisted each other in performing the various actions described and lent their physical presence, support and authority of their office to each other during the events described.

19. As a direct and proximate cause of the Defendants' actions the Plaintiff was caused to suffer a deprivation of liberty.

20. As a direct and proximate cause of the Defendants' actions the Plaintiff was caused to suffer a violation of his constitutional rights protected by the Fourth

Amendment of the United States Constitution and Article I § 8 of the Pennsylvania Constitution to be free from unreasonable search and seizure of his person.

21. As a direct and proximate cause of the Defendants' actions the Plaintiff was caused to sustain injury, pain, suffering and a loss of life's pleasures some of which may continue indefinitely into the future.

22. As a direct and proximate result of the actions or inactions of the Defendants the Plaintiff has been caused to suffer mental anguish, emotional distress, grief, fright, humiliation, anger and chagrin to a degree that no reasonable person should expect to endure.

23. At all material times relevant hereto the said conduct of the Defendants was outrageous and intolerable to the sensibility of a reasonable person

24. The actions an/or inactions of the Defendants violated the clearly established federal constitutional rights of the Plaintiff of freedom from use of excessive, unreasonable and unjustified force against his person and the right to due process of law.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants for compensatory damages, punitive damages, reasonable attorney fees and costs, interest and such other and further relief as appears reasonable and just. A jury trial is demanded.

COUNT I – EXCESSIVE USE OF FORCE
42 U.S.C. § 1983 Against Individual Defendants Wagner and Nichols

25. Plaintiff incorporates the allegations of paragraphs 1 through 24 as though same were more fully set forth herein at length.

26. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Wagner and Nichols for violation of Plaintiff's constitutional rights under color of law.

27. As aforesaid Defendants Wagner and Nichols acting within the course and scope of their employment, under color of state law intentionally and maliciously assaulted the Plaintiff; deprived the Plaintiff of his rights, privileges and immunities under the Constitution of the United States and the laws of the United States, in particular, the right to be free from excess use of force by an officer, which violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and were in violation of 42 U.S.C. § 1983.

28. Defendants Wagner and Nichols within the course and scope of their employment, under color of state law, intentionally and maliciously assaulted and battered the Plaintiff and used their positions of authority illegally and improperly to punish the Plaintiff as set forth above which violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and were in violation of 42 U.S.C. § 1983.

29. Defendants Wagner and Nichols have been deliberately indifferent to the rights of citizens of the City of Hazleton to be free from excess force, which deliberate indifference violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and were in violation of 42 U.S.C. § 1983.

30. The level of force used against the Plaintiff on December 17, 2005, by Defendants Wagner and Nichols was unnecessary, unreasonable and excessive.

31. Defendants Wagner and Nichols used unreasonable and excessive force in taking Plaintiff into custody in violation of the Plaintiff's rights protected by the Fourth Amendment of the United States Constitution and the Pennsylvania Constitution in that Defendants Wagner and Nichols violently beat the Plaintiff.

32. During the course of the Plaintiff's contact with Defendants Wagner and Nichols one or the other Defendant Officer, in violation of the Plaintiff's rights protected by the Fourth Amendment of the United States Constitution and Article I § 8 of the Pennsylvania Constitution stood idle and failed to intervene, stop or otherwise prevent his fellow officer from using unreasonable and excessive force while taking Plaintiff into custody.

33. At all times relevant to the subject matter described in this Complaint, Defendants Wagner and Nichols were engaged in a joint venture.

34. At all times relevant to the subject matter described in this Complaint Defndants Wagner and Nichols assisted each other in performing the various actions described and lent their physical presence, support and authority of their office to each other during the events described.

35. As a direct and proximate cause of the Defendants' actions the Plaintiff was caused to suffer a deprivation of liberty.

36. As a direct and proximate cause of the Defendants' actions the Plaintiff was caused to suffer a violation of his constitutional rights protected by the Fourth

Amendment of the United States Constitution and Article I § 8 of the Pennsylvania Constitution to be free from unreasonable search and seizure of his person.

37. As a direct and proximate cause of the Defendants' actions the Plaintiff was caused to sustain injury, pain, suffering and a loss of life's pleasures some of which may continue indefinitely into the future.

38. As a direct and proximate result of the actions or inactions of the Defendants the Plaintiff has been caused to suffer mental anguish, emotional distress, grief, fright, humiliation, anger and chagrin to a degree that no reasonable person should expect to endure.

39. At all material times relevant hereto the said conduct of the Defendants was outrageous and intolerable to the sensibility of a reasonable person

40. As a result of the above actions, the Plaintiff suffered the damages as aforesaid.

41. The actions of Defendants Wagner and Nichols were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants for compensatory damages, punitive damages, reasonable attorney fees and costs, interest and such other and further relief as appears reasonable and just. A jury trial is demanded.

<u>COUNT II –BYSTANDER LIABILITY</u>
<u>42 U.S.C. § 1983 Against Individual Defendants  Nichols and Wagner</u>

42. Plaintiff incorporates the allegations of paragraphs 1 through 41 as though same were more fully set forth herein at length.

43. Plaintiff believes and therefore avers that Defendant Nichols encouraged and stood idly by while the Plaintiff was viciously assaulted and battered by Defendant Wagner, which deprived Plaintiff of his constitutional rights and privileges under the Constitution of the United States.

44. Plaintiff believes and therefore avers that Defendant Nichols encouraged and stood idly by while the Plaintiff was viciously assaulted and battered by Defendant Wagner, which deprived Plaintiff of his constitutional rights and privileges under the Fourth and Fourteenth Amendments of the Constitution of the United States.

45. Defendant Nichols failed to fulfill his obligation to intervene when he had an independent and affirmative duty to prevent the assault and battery of the Plaintiff.

46. By encouraging and failing to intervene Defendants Wagner and Nichols effectively assisted each other in assaulting and battering the Plaintiff and therefore deprived the Plaintiff of his constitutional rights and privileges under the Fourth and Fourteenth Amendments to the Constitution of the United States.

47. The level of force used against the Plaintiff on December 17, 2005, by Defendants Wagner and Nichols was unnecessary, unreasonable and excessive.

48. Defendants Wagner and Nichols used unreasonable and excessive force in taking Plaintiff into custody in violation of the Plaintiff's rights protected by the Fourth Amendment of the United States Constitution and the Pennsylvania Constitution in that Defendants Wagner and Nichols violently beat the Plaintiff.

49. During the course of the Plaintiff's contact with Defendants Wagner and Nichols one or the other Defendant Officer, in violation of the Plaintiff's rights protected

by the Fourth Amendment of the United States Constitution and Article I § 8 of the Pennsylvania Constitution stood idle and failed to intervene, stop or other prevent his fellow officer from using unreasonable and excessive force while taking Plaintiff into custody.

50. At all times relevant to the subject matter described in this Complaint, Defendants Wagner and Nichols were engaged in a joint venture.

51. At all times relevant to the subject matter described in this Complaint Defendants Wagner and Nichols assisted each other in performing the various actions described and lent their physical presence, support and authority of their office to each other during the events described.

52. As a direct and proximate cause of the Defendants' actions the Plaintiff was caused to suffer a deprivation of liberty.

53. As a direct and proximate cause of the Defendants' actions the Plaintiff was caused to suffer a violation of his constitutional rights protected by the Fourth Amendment of the United States Constitution and Article I § 8 of the Pennsylvania Constitution to be free from unreasonable search and seizure of his person.

54. As a direct and proximate cause of the Defendants actions the Plaintiff was caused to sustain injury, pain, suffering and a loss of life's pleasures some of which may continue indefinitely into the future.

55. As a direct and proximate result of the actions or inactions of the Defendants the Plaintiff has been caused to suffer mental anguish, emotional distress,

grief, fright, humiliation, anger and chagrin to a degree that no reasonable person should expect to endure.

56.     At all material times relevant hereto the said conduct of the Defendants was outrageous and intolerable to the sensibility of a reasonable person.

57.     As a result of the above actions the Plaintiff suffered the damages as aforesaid.

58.     The actions of Defendants Wagner and Nichols were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants for compensatory damages, punitive damages, reasonable attorney fees and costs, interest and such other and further relief as appears reasonable and just.  A jury trial is demanded.

COUNT III – EXCESSIVE FORCE
ARTICLE I §§ 8 AND 9 OF THE PENNSYLVANIA CONSTITUTION
Bodnar vs. Individual Defendants, Wagner and Nichols

59.     Plaintiff incorporates the allegations of paragraphs 1 through 58 as though same were more fully set forth herein at length.

60.     As aforesaid, Defendants Wagner and Nichols deprived the Plaintiff of his rights, privileges and immunities under the Laws and Constitution of the Commonwealth of Pennsylvania, in particular, the right to be secure in his person, and to be free from the use of excessive force, all of which actions violated the Plaintiff's rights under Article I

§§ 8 and 9 of the Constitution of the Commonwealth of Pennsylvania and the Laws of the Commonwealth of Pennsylvania.

61.     As aforesaid Defendants Wagner and Nichols intentionally and maliciously humiliated, threatened, abused, assaulted and battered the Plaintiff and used their position of authority, illegally and improperly to punish the Plaintiff by the above described actions, all of which violated the Plaintiff's rights under Article I §§ 8 and 9 of the Constitution of the Commonwealth of Pennsylvania and the Laws of the Commonwealth of Pennsylvania.

62.     As aforesaid Defendants Wagner and Nichols intentionally and maliciously assaulted and battered the plaintiff and placed him in fear of imminent bodily harm without just cause or provocation by the above described actions, all of which violated the Plaintiff's rights under Article I §§ 8 and 9 of the Constitution of the Commonwealth of Pennsylvania and the Laws of the Commonwealth of Pennsylvania.

63.     As a direct and proximate result of the malicious, intentional and/or reckless actions of Defendants Wagner and Nichols the Plaintiff suffered the injuries that are described above.

64.     The actions of Defendants Wagner and Nichols were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants for compensatory damages, punitive damages, reasonable attorney fees and costs, interest and such other and further relief as appears reasonable and just.  A jury trial is demanded.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS – 42 U.S.C.A. § 1983

65. Plaintiff incorporates the allegations of paragraphs 1 through 64 as though same were more fully set forth herein at length

66. At all material times relevant to the subject matter described in this Complaint Defendants Wagner and Nichols acted under the color of state law.

67. Defendants Wager and Nichols owed Plaintiff a statutory duty pursuant to 42 U.S.C.A. 1983 not to act in a manner which violated the rights of Plaintiff secured under the United States Constitution.

68. The actions of Defendants Wagner and Nichols described above violated the Plaintiff's rights protected by the Fourth Amendment of the United States Constitution and Article I § 8 of the Pennsylvania Constitution.

69. As a direct and proximate result of the Defendants actions Plaintiff was caused to suffer a deprivation of constitutional rights and those various injuries, losses and expenses as set forth above.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants for compensatory damages, punitive damages, reasonable attorney fees and costs, interest and such other and further relief as appears reasonable and just. A jury trial is demanded.

## COUNT V
## ASSAULT AND BATTERY

70. Plaintiff incorporates the allegations of paragraphs 1 through 69 as though same were more fully set forth herein at length

71. Defendants Wagner and Nichols intentionally engaged in physical contact with the Plaintiff.

72. Defendants Wagner and Nichols physical contact with the Plaintiff was harmful or offensive.

73. Defendants Wagner and Nichols harmful and offensive physical contact with Plaintiff was performed without the Plaintiff's consent.

74. As a direct and proximate result of the Defendants harmful and offensive touching Plaintiff was caused to suffer various injuries, harm, loss and expense as set forth above.

75. As a direct and proximate result of the Defendants' actions Plaintiff was caused to suffer those various injuries, losses and expenses as set forth above.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants for compensatory damages, punitive damages, reasonable attorney fees and costs, interest and such other and further relief as appears reasonable and just.  A jury trial is demanded.

<u>COUNT VI</u>
<u>TIFFANY BODNAR vs. DEFENDANTS WAGNER AND NICHOLS</u>

76. Plaintiffs incorporate paragraphs 1 through 75 as though same were more fully set forth herein at length.

77. As a direct result of the Defendants' negligence, the Plaintiff Tiffany Bodnar has been deprived of the society, companionship, assistance and consortium of her husband, Allen S. Bodnar, and may be deprived of same for an indefinite time in the future all to her great loss and detriment.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants for compensatory damages, punitive damages, reasonable attorney fees and costs, interest and such other and further relief as appears reasonable and just.  A jury trial is demanded.

By: _____MIL_5923
I. MICHAEL LUBER, ESQUIRE
Attorney ID# 02041
123 South Broad Street, Suite 1812
Philadelphia, PA   19109
(215) 496-1000
Attorney for Plaintiff